**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4794**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JOSE ABEL RAMIREZ-LOPEZ,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:11-cr-00309-TDS-3)

———————

Submitted: June 13, 2013        Decided: June 17, 2013

———————

Before NIEMEYER, KING, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Abel Ramirez-Lopez pleaded guilty pursuant to a written plea agreement to one count of conspiracy to distribute five kilograms or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841 (b)(1)(A) (2006). The district court imposed a 108-month sentence based on the Defendant's qualification for the safety valve provision. Counsel for Defendant filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal and concluding there were no issues to raise. Defendant did not file a pro se supplemental brief. The Government elected not to file a brief. Finding no error, we affirm.

We evaluate a guilty plea based on the "the totality of the circumstances" surrounding the guilty plea. United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir 2010). The Defendant did not move to withdraw his guilty plea, and this court therefore reviews the adequacy of the plea pursuant to Fed. R. Crim. P. 11 for plain error. See United States v. Vonn, 535 U.S. 55, 58-59 (2002) (holding defendant who lets Rule 11 error pass without objection in the district court must satisfy the plain-error test); United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). The district court properly conducted the Rule 11 hearing and the record reveals that the Defendant's plea was knowing and voluntary.

A review of the record reveals no error in sentencing. When determining a sentence, the district court must calculate the appropriate advisory Sentencing Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, 49-50 (2007); United States v. Lynn, 592 F.3d 572 (4th Cir. 2010). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Gall, 552 U.S. at 41. The district court followed the necessary procedural steps in sentencing the Defendant, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors. After applying the safety valve provision, the Defendant's Guidelines range was 108 to 135 months. The court imposed a 108-month sentence. If the sentence is within the properly calculated Sentencing Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal

3

quotation marks omitted). We conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Ramirez-Lopez's conviction and sentence. This court requires that counsel inform Ramirez-Lopez, in writing, of the right to petition the Supreme Court of the United States for further review. If Ramirez-Lopez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ramirez-Lopez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4